**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, on behalf of itself, and all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ALPHATEC HOLDINGS, INC.; et al., <br><br> Defendants - Appellees. | No. 13-55661 <br><br> D.C. No. 3:10-cv-01673-BEN-KSC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted May 5, 2015
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Fresno County Employees' Retirement Association ("Fresno") appeals the

district court's dismissal of its action alleging violations of federal securities laws

by various entities and related individuals.  We have jurisdiction pursuant to 28

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291.  Reviewing de novo, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), we affirm.

First, we agree with the district court that the operative second amended complaint does not allege a false or misleading statement.  The statement that Alphatec had "already begun to realize synergies from the Scient'x acquisition" is not false or misleading because it refers to specific synergies unrelated to the quality of Scient'x's inventory.  *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 880–81 (9th Cir. 2012); *cf. Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985–87 (9th Cir. 2008) (noting that there is no general duty to disclose, but once a company chooses to discuss a topic, it must do so in a way that is not misleading).  Similarly, the prospectus's statement that Alphatec's "revenues throughout the balance of 2010 will continue to grow" is not false or misleading because the complaint fails to sufficiently allege facts demonstrating a relationship between the alleged difficulties with Scient'x's inventory and the accuracy of Alphatec's revenue projections.  *See Ronconi v. Larkin*, 253 F.3d 423, 433–34 (9th Cir. 2001).  Rather, the allegations demonstrate only that, in March and April 2010, Alphatec encountered difficulties with the quality and documentation of an unspecified percentage of Scient'x's domestic inventory.  Finally, the statement of Alphatec's CEO that "Scient'x's U.S. operations have been consolidated into

2

Alphatec Spine" is not false or misleading because it does not say or imply anything about Scient'x's inventory; the consolidation of Scient'x's operations with those of Alphatec Spine is conceptually distinct from the question of whether Scient'x's inventory was in salable condition. *See Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1005–07 (9th Cir. 2002).

Next, even assuming, without deciding, that Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303(a)(3)(ii), applies to registration statements filed on SEC Form S-3, the alleged inventory problems do not rise to the level of a "known trend or uncertaint[y]" reasonably expected to "have a material . . . unfavorable impact on net sales or revenues or income from continuing operations." *See id.* This is so because the complaint does not specify what portion of Scient'x's overall inventory was found to be defective or lacking proper documentation, nor does it explain how the quality of Scient'x's inventory factored into Alphatec's revenue projections.

Accordingly, due to the lack of a false or misleading statement or an undisclosed "known trend or uncertaint[y]," the district court correctly found that Fresno fails to state a claim under Sections 11 and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k(a), 77*l*(a)(2), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, or SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. *See Rigel*,

3

697 F.3d at 885–86; *cf. In re Daou Sys., Inc.*, 411 F.3d 1006, 1027–29 (9th Cir. 2005).

Even if one or more of these three statements was misleading, we agree with the district court that Fresno's claim under Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5 fails for the additional reason that the complaint's allegations do not give rise to a "strong inference" of scienter. *See NVIDIA*, 768 F.3d at 1052 (quoting 15 U.S.C. § 78u-4(b)(2)(A)). In this regard, the problems with Scient'x's inventory, as alleged, were not sufficiently definite or severe at the time that the three statements were made in order to support a compelling inference that any of defendants intended to "deceive, manipulate, or defraud" investors. *See id.* at 1053 (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976)).

Finally, the district court correctly dismissed the claims under Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a), and Section 15 of the Securities Act, 15 U.S.C. § 77o, due to Fresno's failure to state a claim for a primary violation of the securities laws. *See, e.g.*, *Paracor Fin. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1161–62 (9th Cir. 1996).

**AFFIRMED.**

4